UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THOMAS M. COOLEY LAW SCHOOL,
a Michigan non-profit corporation,

       Plaintiff,

v.

THE AMERICAN BAR ASSOCIATION, an
Illinois non-profit corporation,
ACCREDITATION COMMITTEE OF
THE AMERICAN BAR ASSOCIATION
SECTION OF LEGAL EDUCATION
AND ADMISSIONS TO THE BAR, and
COUNCIL OF THE AMERICAN BAR
ASSOCIATION SECTION OF LEGAL
EDUCATION AND ADMISSIONS TO
THE BAR,

       Defendants.

Case No.  17-13708

Hon.  Arthur J. Tarnow

Mag. David R. Grand

Oral Argument Requested

_____

**WMU-COOLEY'S MOTION TO STRIKE AND DISREGARD
REFERENCES TO MATERIALS OUTSIDE OF THE ADMINISTRATIVE
RECORD**

Plaintiff Western Michigan University Thomas M. Cooley Law School ("WMU-Cooley") moves the Court to strike and disregard portions of Defendants' Motion for Summary Judgment (Doc. #60) relying on information outside of the administrative record. In support, WMU-Cooley relies on the accompanying brief.

Pursuant to Local Rule 7.1, WMU-Cooley contacted counsel for Defendants on April 23, 2018 and sought concurrence in the relief requested. Defendants did not concur.

WHEREFORE, WMU-Cooley respectfully requests that this Court enter an order:

(1) striking from Defendants' Motion for Summary Judgment references to:

(A) "Lisa Anthony, *June 2014 - February 2017 LSAT Score Distributions*,"

(B) the declaration of Tacy Flint,

(C) the declaration of Barry Currier,

(D) the declaration of Don LeDuc,

(E) "Michigan Bar Examination Statistics After Appeals," and

(F) WMU-Cooley's "2015 Annual Questionnaire;"

(2) declaring that those materials will be disregarded when deciding Defendants' Motion for Summary Judgment; and

(3) ordering such further relief as the Court deems appropriate.

-1-

-2-

Respectfully submitted,

By: /s/ Michael P. Coakley
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael P. Coakley (P34578)
Conor T. Fitzpatrick (P78981)
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
Coakley@millercanfield.com
Fitzpatrick@millercanfield.com

*Counsel for WMU-Cooley*

Dated: May 24, 2018

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

THOMAS M. COOLEY LAW SCHOOL,
a Michigan non-profit corporation,

        Plaintiff,

v.

THE AMERICAN BAR ASSOCIATION, an Illinois non-profit corporation, ACCREDITATION COMMITTEE OF THE AMERICAN BAR ASSOCIATION SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR, and COUNCIL OF THE AMERICAN BAR ASSOCIATION SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR,

        Defendants.

Case No. 17-13708

Hon. Arthur J. Tarnow

Mag. David R. Grand

Oral Argument Requested

_____

### BRIEF IN SUPPORT OF WMU-COOLEY'S MOTION TO STRIKE AND DISREGARD REFERENCES TO MATERIALS OUTSIDE OF THE ADMINISTRATIVE RECORD

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF QUESTION PRESENTED ......................................................... v

INTRODUCTION ..................................................................................................... 1

PROCEDURAL HISTORY ....................................................................................... 3

APPLICABLE LAW ................................................................................................. 4

ARGUMENT ............................................................................................................. 5

CONCLUSION ........................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alexander v. Merit Systems Protections Bd.*,
    165 F.3d 474 (6th Cir. 1999) ..................................................................................5

*Bar MK Ranches v. Yuetter*,
    994 F.2d 735 (10th Cir. 1993) .................................................................................1

*Camp v. Putts*,
    411 U.S. 138 (1973)................................................................................................5

*Cardinal Health, Inc. v. Holder*,
    846 F. Supp. 2d 203 (D.D.C. 2012).....................................................................5, 7

*Landers v. Leavitt*,
    2006 WL 2560297 (D. Conn. Sept. 1, 2016).........................................................4

*Latin Americans for Social and Econ. Develop. v. Fed. Highway
    Admin.*,
    2012 WL 273716 (E.D. Mich. Jan. 31, 2012) ....................................................2, 5

*Lucas v. General Motors LLC*,
    2017 WL 4883567 (N.D. Ga. Sept. 27, 2017).......................................................4

*Picard v. American Board of Family Medicine*,
    2015 WL 6387320 (E.D. Mich. Oct. 22, 2015).....................................................8

*Prof'l Massage Training Ctr., Inc. v. Accreditation All. of Career Sch.
    & Colls.*,
    781 F.3d 161 (4th Cir. 2015) ..........................................................................1, 4, 7

*Travelers Casualty Ins. Co. of America v. Visemer De Gelt, LLC*,
    2014 WL 12495643 (C.D. Cal. Mar. 11, 2014)..................................................8, 9

*Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career
    Arts & Sciences*,
    2017 WL 4767686 (E.D. Va. Oct. 20, 2017).........................................................4

*Williams Gas Processing - Gulf Coast Co., L.P. v. F.E.R.C.*,
    373 F.3d 1335 (D.C. Cir. 2004) (Roberts, J.) ........................................................7

-iv-

# CONTROLLING AND/OR MOST APPROPRIATE AUTHORITY

*Prof'l Massage Training Ctr., Inc. v. Accreditation All. of Career Sch. & Colls.*, 781 F.3d 161 (4th Cir. 2015)

*Latin Americans for Social and Econ. Develop. v. Fed. Highway Admin.*, 2012 WL 273716 (E.D. Mich. Jan. 31, 2012)

## STATEMENT OF QUESTION PRESENTED

Should the portions of Defendants' Motion for Summary Judgment which rely on materials outside of the administrative record be stricken and disregarded?

    WMU-Cooley answers:  Yes.

    Defendants answer:     No.

## Introduction

Throughout this action, Defendants have insisted that WMU-Cooley make its case against the ABA's November 2017 finding "based on" Defendants' self-selected administrative record" and not present "any extraneous information" outside of that record. (Doc. #46, PgID #3834.) But Defendants run rampant over their own formulation of that principle. Their summary judgment motion relies on a bevy of studies, facts, and declarations not in the administrative record and therefore not properly before the Court on their summary judgment motion. Defendants cite to these extra-record materials over 50 times throughout their motion. References to those materials should be stricken from Defendants' motion and disregarded by the Court.

It is well settled in the accreditation context that a court may not "expand the administrative record" by considering new evidence. *Prof'l Massage Training Ctr., Inc. v. Accreditation All. of Career Sch. & Colls.*, 781 F.3d 161, 172 (4th Cir. 2015). Likewise, an agency is prohibited from "supplement[ing] the Administrative Record submitted to the district court with post hoc rationalizations for its decision." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993).

That is precisely what Defendants' summary judgment motion attempts to do here. The motion relies on materials not in the administrative record, such as declarations submitted in this action and new statistical analyses of LSAT data, to

-1-

retroactively justify Defendants' conclusion that WMU-Cooley was allegedly admitting students who did not "appear capable" contrary to subpart (b) of ABA Standard 501. (*See, e.g.*, Doc. #60, PgID #4067, 68, 69, 71, 78, 81, 82, 98.)

To be clear, WMU-Cooley's position remains that the "administrative record" submitted by Defendants is woefully incomplete and therefore summary judgment briefing is premature on this ground alone. WMU-Cooley has shown, in its pending Objections to the Magistrate Judge's Report and Recommendation (Doc. #67), its Motion to Stay Summary Judgment Briefing Pending Resolution of Objections (Doc. #68), and its contemporaneously-filed Response to Defendants' Motion for Summary Judgment, that specific critical documents and information are missing from the administrative record, the absence of which makes impossible a fully informed ruling on the ABA's motion. (*See also* Doc. #71, PgID #5957-60.)

The support for the Committee's decision, if any, must be found in the administrative record. Defendants' citation to evidence outside the administrative record is nothing more than Defendants' *counsel* batting cleanup and backfilling gaps in the agency's decision with *post hoc* justifications and new evidence. This is improper, and the materials should be stricken and disregarded. *See Latin Americans for Social and Econ. Develop. v. Fed. Highway Admin.*, 2012 WL 273716, at *2-3 (E.D. Mich. Jan. 31, 2012) (striking documents and declarations

which "post-date" the agency's decision as "not properly part of the administrative record," reasoning, "because they came after the [decision], the [agency] could not have considered them; therefore, they have no bearing on the propriety of the agency's decision-making process.")

## Procedural History

On January 5, 2018, WMU-Cooley served its First Set of Requests for the Production of Documents. (Doc. #55-2.) On January 8, 2018, the ABA filed an Answer to WMU-Cooley's Verified Complaint (Doc. #43) as well as a motion for summary judgment (Doc. #44). On January 29, 2018, WMU-Cooley filed its First Amended Verified Complaint. (Doc. #45.) On February 5, 2018, the ABA served its Responses and Objections to WMU-Cooley's First Set of Requests for the Production of Documents, in which the ABA refused to produce any documents or provide any information. (Doc. #55-3.) That same day, the ABA filed its Motion for Protective Order (Doc. #46) regarding WMU-Cooley's discovery requests. On March 2, 2018, Defendants filed a Motion for Summary Judgment. (Doc. #60.)

On March 13, 2018, the Magistrate Judge held a hearing on the ABA's motion for a protective order and subsequently entered an order holding the motion in abeyance pending the resolution of Defendants' summary judgment motion. (Doc. #63.) WMU-Cooley filed Objections to the Magistrate Judge's Order on

April 11, 2018 along with a Motion to Stay Summary Judgment Briefing Pending the Resolution of the Objections.  (Doc. # 67, 68.)  Those motions remain pending.

## Applicable Law

"A court reviewing an accreditation decision is typically constrained to reviewing 'the record that was considered by the accrediting agency at the time of the final decision.'"  *Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Sciences*, 2017 WL 4767686 (E.D. Va. Oct. 20, 2017) (citing *Prof'l Massage Training Ctr., Inc.*, 781 F.3d at 174-75).  Thus, a court may not "expand the administrative record" by considering new after-the-fact evidence.  *Prof'l Massage Training Ctr., Inc.*, 781 F.3d at 172.

When a party relies on materials outside of the administrative record to support or attack an agency's decision, references to those materials should be stricken and disregarded by the court.  *See, e.g.*, *Lucas v. General Motors LLC*, 2017 WL 4883567, at *15 (N.D. Ga. Sept. 27, 2017) ("grant[ing] request to disregard evidence outside the administrative record, and any arguments based on that evidence."); *Landers v. Leavitt*, 2006 WL 2560297, at *4 (D. Conn. Sept. 1, 2016) (granting motion to strike declarations outside of the administrative record "and strik[ing] those portions of the plaintiffs' Local Rule 56(a) Statement of Facts that rely on those declarations."); *Latin Americans for Social and Economic*

*Development*, 2012 WL 273716 (granting motion to strike exhibits filed outside of the administrative record).

## Argument

It is well settled that challenges to agency actions must be litigated on "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Putts*, 411 U.S. 138, 142 (1973). "This rule forbids *ex post* supplementation of the record by *either* side." *Cardinal Health, Inc. v. Holder*, 846 F. Supp. 2d 203, 215 (D.D.C. 2012) (emphasis in original) (internal citation omitted). The Sixth Circuit has similarly held that courts must "avoid consideration of evidence outside the administrative record" when reviewing an agency decision. *Alexander v. Merit Systems Protections Bd.*, 165 F.3d 474, 480 (6th Cir. 1999). Defendants' Motion for Summary Judgment violates this rule.

A central dispute in this case is over subpart (b) of ABA Standard 501 which says that law schools should only admit students who "appear capable."[1] Despite multiple requests by WMU-Cooley and other law schools, Defendants have not spelled out what they mean by "appear capable." Defendants have also refused to explain how law schools might distinguish an "apparently capable" applicant from

---

[1] The ABA's failures to define "appear capable," to apply that term to the facts, and to explain its reasoning and justify its decision, are arbitrary and capricious, an abuse of discretion, and violate WMU-Cooley's common law and Constitutional due process rights.

-5-

an "apparently incapable" one. Nevertheless, Defendants asserted that WMU-Cooley was admitting students who did not "appear capable," leaving it to WMU-Cooley and now, the Court, to guess why, and to what degree, Defendants believe some of WMU-Cooley's matriculants fell short.

In an attempt to fill this gap, Defendants' summary judgment motion relies on a statistical compilation of LSAT scores done by "Lisa Anthony" and purports to use that compilation to show that the LSAT scores of WMU-Cooley matriculants are comparatively worse than other law schools. (Anthony compilation cited at Doc. #60, PgID #4071, 78.) But Ms. Anthony's compilation does not appear in the administrative record and therefore is not properly before the Court for purposes of summary judgment. The use of her study (and the statistics contained therein) in Defendants' summary judgment motion is mere litigation backfilling by Defendants' *counsel* attempting to shore up the fatal deficiencies in Defendants' formal conclusions.

Additionally, Defendants' summary judgment motion relies on declarations filed by Barry A. Currier[2] (ABA Managing Director of Accreditation and Legal Education), Don LeDuc[3] (President and Dean of WMU-Cooley), and Tacy Flint[4]

---

[2] Currier Declaration cited at Doc. #60, PgID #4068, 69.

[3] LeDuc Declaration cited at Doc. #60, PgID #4068-69.

[4] Flint Declaration cited at Doc. #60, PgID #4098.

(attorney for ABA in this action). Each of these declarations were prepared and filed during earlier stages of this litigation (*See* Doc. #35 (Currier), Doc. #40 (LeDuc), Doc. #16 (Flint)) and none are contained in the administrative record. References to these declarations should be stricken and disregarded.

Defendants also craft an entirely new argument with respect to Michigan's recent bar exam statistics. Defendants' counsel uses WMU-Cooley students' recent performance on the Michigan bar exam as compared to other Michigan schools to retroactively justify Defendants' finding that WMU-Cooley admits students who do not "appear capable." (Doc. #60 at PgID #4081, 82.) But these arguments and statistics do not appear in the administrative record and Defendants do not mention them in the formal findings that are the subject of this action. *Cf. Williams Gas Processing - Gulf Coast Co., L.P. v. F.E.R.C.*, 373 F.3d 1335, 1345 (D.C. Cir. 2004) (Roberts, J.) ("[Courts] may uphold agency orders based only on reasoning that is fairly stated by the agency in the order under review, *post hoc* rationalizations by agency counsel will not suffice.")

A review of agency action "forbids *ex post* supplementation of the record by either side." *Cardinal Health, Inc.*, 846 F. Supp. 2d at 215. Courts may not "expand the administrative record" by considering new evidence. *Prof'l Massage Training Ctr., Inc.*, 781 F.3d at 172. In their Motion for Summary Judgment, that is precisely what Defendants ask the Court to do. The new materials should be

stricken and not considered in assessing the merits of the ABA's Motion for Summary Judgment. *See, e.g.*, *Picard v. American Board of Family Medicine*, 2015 WL 6387320, at *7 (E.D. Mich. Oct. 22, 2015) (granting motion to strike portions of summary judgment brief "in the strong interest of avoiding improper consideration of evidence outside the administrative record and reliance upon post hoc rationalizations for the agency's action.") (internal quotation omitted).

Finally, Defendants' Motion for Summary Judgment purports to rely on WMU-Cooley's "2015 Annual Questionnaire" as "show[ing] disturbing trends." (Doc. #60, PgID #4069.) But Defendants did not include that document "in the Accreditation Record on file with the Court" because, Defendants say, "it contains students' confidential information and is not necessary for summary judgment." (*Id.*)

First, there is no finding in the administrative record "showing disturbing trends." And second, it is settled that if a party "feels that it cannot properly allege [a] claim without divulging confidential information … the proper course would be to seek leave to file various materials under seal." *Travelers Casualty Ins. Co. of America v. Visemer De Gelt, LLC*, 2014 WL 12495643, at *12 n.12 (C.D. Cal. Mar. 11, 2014). Defendants did not do that here. Instead, Defendants try to shift their burden *to WMU-Cooley*, saying that if WMU-Cooley "disagrees" with

Defendants' assertions about the 2015 Annual Questionnaire, "WMU-Cooley may file the questionnaire." (Doc. #60, PgID #4069.)

That is not how it works. Defendants are the ones relying on the contents of the 2015 Annual Questionnaire to support their version of events. Thus, it was their burden to include the document in the administrative record for the Court's review. Defendants cannot make insinuations about a document's contents, i.e. that it showed "disturbing trends" about WMU-Cooley, then fail to make it part of the record before the Court, and force *WMU-Cooley* to incur the cost of moving to seal it in order to defend itself.

Defendants' assertion that the document "is not necessary for summary judgment" (*id.*) shows that Defendants are trying to have it both ways. Defendants want to bring the document to the Court's attention on the basis that it allegedly showed "disturbing trends" about WMU-Cooley and provides support for Defendants' defense of the November 2017 letter. But then, Defendants seek to avoid responsibility for making the document a part of the administrative record by calling the document "not necessary for summary judgment." (*Id.*) For the document to support Defendants' Motion, it must have been in the administrative record. If not in the administrative record, it has no place in Defendants' summary judgment motion. All references to the 2015 Annual Questionnaire in the ABA's Motion for Summary Judgment should be stricken and disregarded.

## Conclusion

The new evidence proffered by Defendants to support their Motion for Summary Judgment should be disregarded and stricken.

Respectfully submitted,

By: /s/ Michael P. Coakley
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael P. Coakley (P34578)
Conor T. Fitzpatrick (P78981)
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
Coakley@millercanfield.com
Fitzpatrick@millercanfield.com

*Attorneys for WMU-Cooley*

Dated: April 24, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2018, I filed a copy of the foregoing via the Court's ECF filing system which will serve all counsel of record.

/s/ Conor T. Fitzpatrick

31253898.3\018763-00026

-10-